NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NATHALIA U. GOMEZ, | Civil Action No. 20-8593 (SRC) |
| Plaintiff, | OPINION |
| v. |  |
| CASEY KERDESKY, et al., |  |
| Defendants. |  |

**CHESLER**, District Judge

On July 13, 2020, the Court issued an Order To Show Cause, directing Plaintiff Nathalia U. Gomez ("Plaintiff" or "Gomez") to demonstrate why this action should not be dismissed for lack of subject matter jurisdiction. As the July 13, 2020 Order states, Plaintiff initiated this action in federal court by filing a Complaint asserting the existence of diversity jurisdiction, but the Complaint failed to adequately allege the citizenship of the parties. The Court, upon review of the Complaint, was not satisfied that it had the authority to entertain this action and thus raised the matter of its subject matter jurisdiction sua sponte, in keeping with its independent obligation to determine whether federal subject matter jurisdiction exists. Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010).

In response to the Order To Show Cause, Plaintiff has filed an Amended Complaint, exercising her right to do so pursuant to Federal Rule of Civil Procedure 15(a)(1) (providing that a "party may amend its pleading once as a matter of course within (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a

1

responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."). The Amended Complaint filed by Gomez names two additional Plaintiffs, adds two counts pleading the respective negligence and loss of consortium claims of the newly-joined Plaintiffs, and provides complete information concerning the citizenship of all parties. In relevant part, the Amended Complaint states that all three Plaintiffs are persons domiciled in the State of New Jersey and that Defendant PV Holding Corp. "is a duly organized company and/or Corporation incorporated in the State of New Jersey with principal offices located at 6 Sylvan Way, Parsippany, NJ . . .." (Am. Compl., ¶ 4.)

It is axiomatic that, for diversity jurisdiction to exist pursuant to 28 U.S.C. § 1332(a)(1), the action must be between citizens of different states, and the diversity between plaintiffs and defendants must be complete. Strawbridge v. Curtiss, 7 U.S. 267 (1806). Here, that fundamental requirement of diversity jurisdiction is lacking. According to the Amended Complaint, Plaintiffs and Defendant PV Holding Corp. are all citizens of the same state, the State of New Jersey. McCann v. George W. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile . . ."); 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

Clearly, the Court does not have subject matter jurisdiction over this action. It may not consider the merits of Plaintiffs' claims. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function

remaining to the court is that of announcing the fact and dismissing the cause." See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (internal quotations and citation omitted). The Court will accordingly issue an Order dismissing the case, pursuant to Federal Rule of Civil Procedure 12(h)(3).

                                                        s/ Stanley R. Chesler
                                                        STANLEY R. CHESLER
                                                       United States District Judge

Dated: July 17, 2020